UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| PATRICK BLACKSHIRE, | No. 2:16-cv-2537-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |
| SACRAMENTO COUNTY SHERIFF, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a "request for judicial order."

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, his request is granted.

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---
[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A. The complaint names the Sacramento County Sheriff as defendant and alleges the following:

I . . . was treated with excessive force, cruel and unusual punishment . . . .

/////

2

> I was without water for over thirty days, causing dehydration, while being denied showers toilet flushes and even any time outside my cell this caused severe mental anguish and deterioration and affected my previous stress induced psychological issues I was also sexually harassed.
>
> Also do consider ongoing mistreatment automobile seizures without proper cause and the use of my ATM card . . . .

ECF No. 1 at 7. Plaintiff seeks $23,618,300,000 in "reparations." *Id.* Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, the allegations are too vague and conclusory to state a cognizable claim for relief. The complaint will be dismissed with leave to amend.

First, the complaint includes no allegations referencing the sole defendant – the Sacramento County Sheriff – or otherwise linking the Sheriff to a violation of plaintiff's federal constitutional or statutory rights. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). [2]

Second, the complaint is devoid of factual allegations to support plaintiff's intended claims for relief, i.e., excessive force, cruel and unusual conditions of confinement, sexual

---

[2] To the extent plaintiff intends to assert a claim against Sacramento County, the allegations are insufficient. A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

harassment, and the loss of property. Plaintiff must allege with at least some degree of particularity the overt acts that the defendant engaged in that support his claims. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The court hereby informs plaintiff of the standards that may apply to his intended claims for relief.

In order to state a claim for the use of excessive force by a pretrial detainee, a plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, __ S. Ct. __, 2015 U.S. LEXIS 4073, at *12 (June 22, 2015). Plaintiff may be able to state a cognizable excessive force claim if he can allege facts demonstrating that any force used against him was objectively unreasonable under the circumstances.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010). A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. Plaintiff's scant allegations fail to demonstrate that any particular state actor acted with the requisite deliberate indifference or exposed him to a substantial risk of serious harm. The allegations thus fail to state a cognizable claim for cruel and unusual punishment.

Although prisoners have a right to be free from sexual abuse, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment."

(internal quotation marks omitted)). A guard's physical sexual assault of an inmate, however, is "offensive to human dignity" and may violate the Eighth Amendment. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-97 (9th Cir. 1987).

For an allegedly inappropriate body search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough). In the absence of a preexisting mental condition or a particularly invasive search, the humiliation allegedly suffered because of unwanted physical contact from a correctional officer "does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." *Watison*, 668 F.3d at 1112-14 (affirming dismissal of Eighth Amendment claim against correctional officer who allegedly entered inmate's cell while on the toilet, and rubbed his thigh against the inmate's thigh, while smiling and laughing).

For purposes of the Fourth Amendment, searches of prisoners must be reasonable to be constitutional. *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)).

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The United States Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."[3] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process

---

[3] A due process claim is not barred, however, where the deprivation is foreseeable and will occur, if at all, at a predictable point in time, such that the state can be reasonably expected to

provides an adequate postdeprivation remedy *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.").

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

---

make pre-deprivation process available. *See Zinermon v. Burch*, 494 U.S. 113, 136-39 (1990).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**IV.     "Request for Judicial Order"**

Plaintiff requests an order preventing "defendants" from selling his three homes at an auction. ECF No. 11; *see also* ECF Nos. 12, 13. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[4] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

**V.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 9) is granted.
2. Plaintiff's "Request for Judicial Order" (ECF Nos. 11, 12, 13) is denied.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an

/////

/////

/////

---

[4] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 2, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE