UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>    Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF,<br><br>    Defendant. | No. 2:16-cv-2537-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a former county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint, which the court must now screen.

    Although plaintiff is no longer incarcerated, he is proceeding in forma pauperis, and thus, subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Under § 1915(e)(2)(B)(i)-(iii), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Plaintiff's amended complaint alleges that between 2013 and 2015, unidentified staff at the Sacramento County Main Jail violated his Eighth Amendment rights when they: (1) denied him water for thirty days; (2) sexually harassed him; (3) denied him visits for one month; (4) denied him showers for over a month; (5) denied him phone calls for months; (6) confined him to his cell for over a month; and (7) threw away some of his papers. ECF No. 23.

The claims as articulated cannot survive screening. First, as the court noted in its previous order, plaintiff must link an individual defendant to a violation of his rights. ECF No. 15 at 3. The amended complaint fails to identify any defendant. Second, plaintiff's initial complaint was dismissed because it was devoid of factual allegations. *Id.* The amended complaint does not meaningfully address this deficiency. Plaintiff simply repeats his vague and conclusory allegations. Although plaintiff alleges a violation of his Eighth Amendment rights, he does not allege that the conditions complained were the result of deliberate indifference nor any facts in support of such a contention. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Third, the amended complaint contains no request for relief. Fed. R. Civ. P 8(a)(3) (requiring that a complaint contain a demand for relief).

## Leave to Amend

After notice of the deficiencies in the original complaint and an opportunity to amend, plaintiff is no closer to stating a viable claim. This counsels against granting him further leave to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to amend are factors to assess in weighing the propriety of granting leave to amend).

## Conclusion

It is, therefore, RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE